**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1164**

BONIFACIO PENA BARRERA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  November 5, 2021                    Decided:  December 3, 2021

Before NIEMEYER, WYNN, and HARRIS, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Bonifacio Pena Barrera, Petitioner Pro Se. Paul Fiorino, Virginia M. Lum, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bonifacio Pena Barrera, a native and citizen of Mexico, petitions for review of a decision and order of the Board of Immigration Appeals ("Board") dismissing Pena Barrera's appeal from the Immigration Judge's ("IJ") decision denying his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The Board adopted the IJ's decision, agreeing with the IJ that Pena Barrera's application failed because he had not established that his removal to Mexico would result in an exceptional and extremely unusual hardship to his three United States citizen children. Before us, Pena Barrera challenges the IJ's factual findings. He also argues that the IJ failed to consider his hardship evidence in its totality and that both the Board and the IJ applied an incorrect legal standard and failed to sufficiently explain their decisions. For the reasons explained below, we deny in part and dismiss in part the petition for review.

The Attorney General "'*may* cancel removal' of an applicant who meets four statutory criteria: 1) that the applicant has been physically present in the United States for at least ten continuous years, 2) that the applicant had been a person 'of good moral character' during that ten-year period, 3) that the applicant had not committed certain enumerated offenses, and 4) that the applicant 'establishes that removal would result in exceptional and extremely unusual hardship to the [applicant's citizen or lawful permanent resident] spouse, parent, or child[ren].'" *Gonzalez Galvan v. Garland*, 6 F.4th 552, 557 (4th Cir. 2021) (alterations in original) (quoting 8 U.S.C. § 1229b(b)(1)).

In *Gonzalez Galvan*, we held that the Board's ruling that an applicant has not met the exceptional and extremely unusual hardship requirement of § 1229b(b)(1) is a mixed

2

question of law and fact that we possess jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D). *Id.* at 560. However, in performing that review, we may not disturb "the IJ's factual findings related to the hardship determination," and we assess only whether the Board and "the IJ erred in holding that [the] evidence failed as a matter of law to satisfy the statutory standard of exceptional and extremely unusual hardship." *Id.* at 561 (internal quotation marks omitted). Our review of that legal question is de novo. *Id.*

Here, insofar as Pena Barrera challenges the IJ's factual findings, we lack jurisdiction to review such a challenge and thus dismiss that aspect of the petition for review. Pena Barrera presents questions of law that we may review, however, in arguing that the IJ failed to consider his hardship evidence in its totality and that both the Board and the IJ applied an incorrect legal standard and failed to sufficiently explain their decisions. But based upon our review of the record, we are satisfied that the Board and the IJ "applied the correct statutory standard, considered all the evidence, and adequately explained the reasons for [their] ruling[s]." *Id.*; *see Arita-Deras v. Wilkinson*, 990 F.3d 350, 356 (4th Cir. 2021) (explaining that when the Board adopts the IJ's decision in a decision of its own, we review both decisions). We therefore conclude that neither the Board nor the IJ committed an error of law in denying Pena Barrera's application for cancellation of removal.

Accordingly, we deny in part and dismiss in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART*
*AND DISMISSED IN PART*